IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| R L Mlazgar Associates Inc,               )<br>                                                          )<br>                                                          )<br>                     Plaintiff,            )<br>                                                          )<br>              v.                                       )<br>                                                          )<br> HLI Solutions Inc, Litecontrol         )<br> Corporation, Progress Lighting Inc,  )<br>                                                          )<br>                     Defendants.        )<br>                                                          ) | Case No. 6:22-cv-04729–JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion to compel filed by Plaintiff R L Mlazgar Associates Inc.'s ("Mlazgar"). [Doc. 64.] Defendant HLI Solutions ("HLI") filed a response in opposition [Doc. 76] and Mlazgar filed a reply [Doc. 80]. This matter is now ripe for consideration.

## APPLICABLE LAW

**Scope of Discovery/Motion to Compel**

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party seeking discovery may move for an order compelling an answer or production if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents, as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Federal district courts are vested with broad discretion in resolving discovery disputes and deciding whether to grant a motion to compel. *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988); *see Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995) ("The scope and conduct of discovery are within the sound discretion of the district court.").

## BACKGROUND

On October 11, 2023, Mlazgar served HLI with its First Set of Interrogatories and Requests for Production of Documents ("First Discovery Requests"). [Doc. 64-3 (Declaration of Evan H. Weiner) ¶ 2.] After a granted extension of time, HLI responded to the First Discovery Requests on December 26, 2023. [*Id.* ¶¶ 4–5.] On December 28, 2023, and January 8, 2024, Mlazgar informed HLI that its responses were deficient and, after a video meeting, agreed to an additional extension of time for HLI to supplement its responses. [*Id.* ¶¶ 6–8.]

On March 8, 2024, Mlazgar served HLI with its Second set of Requests for Production and on April 25, 2024, Mlazgar served its Second Set of Interrogatories ("Second Discovery Requests"). [*Id.* ¶¶ 10–11.] HLI supplemented its document production, served answers to Mlazgar's First and Second Sets of Interrogatories, and served responses to Mlazgar's Second Set of Requests for Production. [*Id.* ¶¶ 12–15.]

Counsel for Mlazgar and HLI met and conferred regarding identified deficiencies in the document production, but HLI did not agree to further supplement its discovery responses.  [*Id.* ¶¶ 16–18.]

**Boilerplate Objections to Mlazgar's Discovery Requests**

Mlazgar argues that HLI's revised responses to Interrogatories 1, 14, 18, 20–22, and HLI's responses to Document Requests 2–8, 10, 16–17, 20–31, and 36 improperly assert boilerplate objections on the grounds that the discovery requests are "vague," "ambiguous," "unduly burdensome," and/or "overbroad" without any specific explanation as to why the objection applies.  [Doc. 64-1 at 9.]  Additionally, HLI's responses to Document Requests 7, 8, 10–14, 16, 17, 20–24, and 33, assert identical boilerplate objections based on the request not being proportional to the needs of the case.  [*Id.* at 10.]  Again, Mlazgar contends that HLI failed to explain the specific and particular way in which such discovery requests are "not proportional to the needs of the case."  [*Id.*]  Based on these boilerplate objections, HLI stated that it "will not produce" information in response to 22 of Mlazgar's document requests (Requests 2–8, 10, 20–31, 33, and 36) and six of Mlazgar's interrogatories (Interrogatories 1, 14, 18, and 20–22).  [*Id.* at 12–13.]

HLI appears to argue in response that Mlazgar's interrogatories and document requests seeking "all" documents concerning overbroad subject matters are objectionable and that "contention interrogatories" have been found to be overly broad and unduly burdensome on their face if they seek "all facts" supporting a claim or defense.  [Doc. 76 at 12.]   By way of example, HLI directs the Court's attention to Interrogatories 1 and 2, and Document Requests 2, 3, and 33.  [*Id.*]

3

General or boilerplate objections are invalid, and [o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2)(C) effectively codifies this requirement, at least in part: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." This Court has held that

> parties shall not make nonspecific, boilerplate objections. Objections that state that the discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and will be found meritless by this court. A party objecting on these grounds must explain the specific and particular way in which a given request is vague, overly broad, or unduly burdensome.

*Curtis v. Time Warner Ent.-Advance/Newhouse P'ship*, No. 3:12-cv-2370-JFA, 2013 WL 2099496, at *2 (D.S.C., May 14, 2013.). The Court has also held that "general objections" that do not refer to any specific interrogatory are waived because they are not specific. *Martin v. Montgomery*, No. 0:20-1400-MGL-PJG, 2020 WL 6365352 (D.S.C., Oct. 29, 2020). See also Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 356 (D. Md. 2012) (collecting cases that find that failure to state with specificity the grounds for an objection may result in waiver of the objection, unless the court excuses the failure for good cause shown); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358–59, 364 (D. Md. 2008) (specifically criticizing the practice of asserting general objections as a failure to comply with Rules 26(g) and 33(b)(4) and collecting cases making the same criticism). HLI, therefore, has waived its objection to any document request or interrogatory to which boilerplate or general objections have been made

4

without stating with specificity the grounds for objection. The Court will begin by addressing these objections with regard to each interrogatory and document request to which HLI raised those objections.

### *Interrogatories 1, 14, 18, 20–22*

Mlazgar complains that HLI refused to provide any information in response to these interrogatories and asks the Court to compel full and complete responses. [Doc. 64-1 at 11.] In response to Interrogatory 1, HLI provided the following response:

> **RESPONSE**: See General Objections. Defendant further objects on the grounds that the phrase "all evidence that supports or concerns the allegations set forth in Your Answer and Counterclaims, including, but not limited to, Your affirmative defenses" is vague and ambiguous making a reasonable response unduly burdensome and expensive and, depending upon the interpretation placed upon the words in the request, is overbroad making production of such information unduly burdensome and expensive. Defendant will not produce such information pursuant to this interrogatory other than to the extent such information or documents are produced pursuant to other interrogatories or document requests whose content is encompassed by this interrogatory.

[Doc. 64-7 at 2.] HLI appears to justify its response to the propounded interrogatories indicating that it will "not produce such information pursuant to this interrogatory other than to the extent such information or documents are produced pursuant to other interrogatories or document requests whose content is encompassed by this interrogatory" by arguing that it attempted to negotiate an ESI protocol that would provide Mlazgar with the documents it was seeking, but that Mlazgar refused to agree to HLI's suggested keywords." [Doc. 76 at 4–8.] The Court finds this argument does not excuse HLI's failure to properly respond to Mlazgar's properly propounded discovery request. To the extent HLI contends no response is required because this interrogatory is a contention

5

interrogatory and per se overbroad and unduly burdensome on it face (citing *Machinery Sols., Inc. v. Doosan Infracore Am. Corp*, 323 F.R.D. 522, 528 (D.S.C. 2018)), the Court finds HLI's position improper. As noted in *Machinery Solutions*, while an interrogatory seeking "all facts supporting a claim or defense" may be overly broad, based on the holding in this case, HLI should have, at minimum, responded by providing the "'principal or material' facts which support an allegation or defense." *Id.* at 528. HLI's response is not a response at all.

Based on the above, the Court finds that, while Interrogatory 1 is overly broad as written, HLI's failure to provide any response was inappropriate. Thus, HLI, having waived its objections, is required to provide answers to Interrogatory 1 on or before **September 13, 2024**, providing the "material" or "principal" facts that support each allegation set forth in HLI's Answer, and Counterclaims, including, but not limited to, the affirmative defenses. Additionally, the Court directs HLI to answer the interrogatory with information that it currently possesses, and separately notes that HLI has an obligation to supplement its response if it obtains any additional relevant information regarding this interrogatory after further discovery. *See* Fed. R. Civ. P. 26(e)(1).

In response to Interrogatories 14, 18, and 20–22, HLI provided the following objection:

> **RESPONSE**: *See* General Objections. Defendant further objects on the grounds that the interrogatory is overbroad making an answer unduly burdensome and expensive. Defendant will not produce such information pursuant to this interrogatory other than to the extent such information or documents are produced pursuant to other interrogatories or document requests whose content is encompassed by this interrogatory.

[Doc. 64-7 at 6–9.] HLI appears to argue that any deficiencies with respect to Interrogatories 14, 18, and 20–22 are negated by its use of its ESI Protocol. [Doc. 76 at 6 n.5.] The Court disagrees. As an initial matter, HLI provides no case law to support its position and, further, does not contend that the ESI protocol failed to identify responsive information and, therefore, there is no information available to produce. To the contrary, HLI contends that over 102,000 pages of discovery were produced as a result of the utilized ESI protocol. [*Id.* at 11.] HLI, however, either refused or failed to specifically identify which document(s) resulting from the ESI search provided information responsive to any individual interrogatory as required under Federal Rule of Civil Procedure 33(d)(1). HLI also failed to explain why the identification of the meetings or communications regarding MLazgar's business and termination, the new agent (JTH) or communications with JTH and Mlazgar's former employees would be unduly burdensome and expensive to identify via its ESI protocol or otherwise. HLI has provided the Court with no reasonable basis for its defiant refusal to produce any information responsive to Interrogatories 14, 18, and 20–22 or, at a minimum, to identify which documents that were produced are responsive to these interrogatories. The Court rejects HLI's arguments and finds that HLI, having waived its objections, is required to provide answers to Interrogatories 14, 18, and 20–22 on or before **September 13, 2024**. Additionally, the Court directs HLI to answer the interrogatories with information that it currently possesses, and separately notes that HLI has an obligation to supplement its response if it obtains any additional relevant information regarding this interrogatory after further discovery. *See* Fed. R. Civ. P. 26(e)(1).

***Interrogatories 2, 3, 4, 6, 8, 11, and 15***

Mlazgar argues that HLI provided some, but not all, of the information requested in response to Interrogatories 2, 3, 4, 6, 8, 11, and 15, and asks the Court to compel HLI to provide full and complete discovery responses.  [Doc. 64-1 at 15.]  HLI contends it provided a complete response to Interrogatories 3, 4, 6, 8, 11, and 15.  [Doc. 76 at 13–14.]  With respect to Interrogatory 2, HLI contends that  the request is overbroad in that it seeks "all evidence that supports or concerns [HLI's] claims for damages in this Action, including.  [*Id.* at 12 (emphasis omitted).]

Upon review of HLI's responses to Interrogatories 3, 4, 6, 8, 11, and 15, the Court finds that HLI failed to identify evidence supporting its claim or position as requested, and/or failed to provide the detail sought by the interrogatory (e.g., Interrogatories 6, 8, and 11), and failed to identify either by bates number or otherwise the documents that would provide the information responsive to Interrogatory 15.  The Court rejects Defendant's arguments and finds that HLI, having waived its objections, is required to provide full and complete answers to Interrogatories 3, 4, 6, 8, 11, and 15 on or before **September 13, 2024**.  With respect to Interrogatory 2, to which HLI states "it remains in the process of investigating and calculating its damages in this matter" [Doc. 64-7 at 2], HLI is directed to produce any response currently in its possession.  In addition to directing HLI to answer Interrogatories 2, 3, 4, 6, 8, 11, and 15 with information currently in its possession, the Court separately notes that HLI has an obligation to supplement its response if it obtains any additional relevant information regarding this interrogatory after further discovery.  *See* Fed. R. Civ. P. 26(e)(1).

### *Interrogatories 10 and 13*

Mlazgar argues that HLI's responses to Interrogatories 10 and 13 are deficient because HLI failed to "specify[] the records that must be reviewed in sufficient detail to enable [Mlazgar] to locate and identify them as readily as [HLI] could." [Doc. 64-1 at 19 (quoting Fed. R. Civ. P. 33 (d)(1)).] In response, HLI argues that Interrogatories 10 and 13 are extremely broad and that asking for a "detailed description" of a myriad of documents is burdensome. [Doc. 76 at 14–15.] HLI contends that its reference to its production of business records under Rule 33(d) with respect to these interrogatories is sufficient. [Doc. 64-1 at 19.]

Upon review of HLI's responses, the Court finds the responses deficient under Rule 33(d) of the Federal Rules of Civil Procedure. Rule 33(d) requires HLI to specify the records that must be reviewed in sufficient detail to allow Mlazgar to locate and identify them as easily as HLI could. That was not done here. In response to Interrogatories 10 and 13, HLI responded that "Defendant incorporates its contemporaneous production of relevant, nonprivileged materials, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure." [Doc. 64-7 at 5, 6.] Nothing in the responses to these interrogatories provides Mlazgar with any detail as to which documents of the over 102,000 pages of documents HLI claims to have produced are responsive to these inquiries. The Court finds that HLI's responses and position are contrary to the letter and spirit of Rule 33(d). The Court rejects Defendant's arguments and finds that HLI, having waived its objections, is required to provide full and complete answers to Interrogatories 10 and 13 on or before **September 13, 2024**. Additionally, the Court directs HLI to answer the interrogatories with information currently in its possession, and separately notes that HLI has an

9

obligation to supplement its response if it obtains any additional relevant information regarding this interrogatory after further discovery.  See Fed. R. Civ. P. 26(e)(1).

### *Document Requests 2–8, 10, 20–31, and 36*

Mlazgar contends that HLI's responses to Document Requests 2–8, 10, 20–31, 33 and 36 are invalid objections because they assert nonspecific boilerplate objections and state that HLI "will not produce documents" pursuant to the request.  [Doc. 64-1 at 20.] Contrary to their response, HLI indicated in a May 15, 2024, letter that documents responsive to Document Requests 4, 5, 7, 20, 21, 22, 23, 25, 28, 29, and 30 were included in the documents produced pursuant to HLI's keyword search term protocols.  [*Id.*] Mlazgar contends that HLI refuses to revisit its written responses to these document requests.  [*Id.*]  HLI contends that responsive documents were produced to Mlazgar with multiple metadata fields so that it would be easily searchable by Mlazgar.  [Doc. 76 at 5.] HLI also argues that Mlazgar has not identified any category of missing documents based on the use of its ESI protocols.  [*Id.*]  Thus, according to HLI, its use of ESI protocols negates any claimed deficiencies with respect to Document Requests 4, 5, 7, 8, 10, 20–23, and 26–31.  [*Id.* at 6 n.5.]

    1. <u>Document Requests 4, 5, 7, 20, 21, 22, 23, 28, 29, and 30</u>

Upon review of HLI's responses to Document Requests 4, 5, 7, 20, 21, 22, 23, 28, 29, and 30, the Court notes that, as to each of these document requests, HLI indicates that it "will not produce documents pursuant to this request other than to the extent such documents are produced pursuant to other requests whose content is encompassed by this request." [*See* Doc. 64-8 at 4, 5, 13, 14, 17, 18.]  This response is deficient.

Federal Rule of Civil Procedure 34(b)(2)(E) provides that, in producing documents or electronically stored information, the producing party "must produce the documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." HLI's responses fail to meet this requirement and are clearly insufficient to put Mlazgar on notice as to which, if any, documents produced in response to other discovery requests are responsive to the category of documents requested by these specific document requests, and further fail to indicate whether documents are being withheld from production for some reason.[*] To reiterate, "an evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

HLI, having waived its objections, is required to provide full and complete answers to Document Requests 4, 5, 7, 20, 21, 22, 23, 28, 29, and 30 by **September 13, 2024**. Additionally, the Court directs HLI to specifically identify the category of documents requested for each document request by its bates label or other identifying label, and separately notes that HLI has an obligation to supplement its response if it obtains any additional relevant information regarding this document request after further discovery. *See* Fed. R. Civ. P. 26(e)(1).

    2. <u>Document Requests 2 and 3</u>

HLI argues that Document Requests 2 and 3 are objectionable in that they seek "all evidence that supports or concerns [HLI's] claims of damages in this Action" and "all documents and communications that support the allegations, claims, and defenses in the

---

[*] As the Court explains in subsection 5 below, HLI's additional objections pertaining to Document Requests 28–30 are also without merit.

11

Answer and Counterclaims including, but not limited to, Your claims for damages." [Doc. 76 at 12.] As noted above, in accordance with this Courts' holding in *Machinery Solutions*, HLI should have, at minimum, responded by providing documents that evidence the "'principal or material' facts which support an allegation or defense." *Id.* at 528.

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined, and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. Discovery is generally limited therefore to nonprivileged information that is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. Fed. R. Civ. P. 26(b)(1); *see also MJM Yachts, LLC v. Ram Invs. of S. Fla., Inc.*, No. 2:21-cv-906-MBS, 2021 WL 4846122, at *5 (D.S.C. 2021) ("It is widely understood that courts have broad discretion in determining if proposed discovery is relevant and shall also accord a broad and liberal construction to the discovery rules."). As the Court finds the information sought is relevant and nonprivileged, HLI is directed to update its response to this document request to identify all documents responsive to these requests.

3. Document Request 6

With respect to Document Request 6, HLI contends it produced 238 separate documents, including attachments, referencing Progress Lighting and, therefore, there is nothing for the Court to consider with respect to this document request. [Doc. 76 at 8

n.6.] The response to the document request, however, indicates that HLI "will not produce documents pursuant to this request other than to the extent such documents are produced pursuant to other requests whose content is encompassed by this request." [Doc. 64-8 at 5.] HLI is directed to update its response to this document request to identify the 238 documents it deems are responsive to this request consistent with the directives of Federal Rule of Civil Procedure 34(b)(2)(E).

        4. Document Request 8

With respect to Document Request 8, HLI's only argument appears to be that this request is part of a "hodge-podge of cumulative, duplicative, repetitive and overlapping requests." [Doc. 76 at 2.] HLI also indicates that it objected to this request for being "overbroad, vague, repetitive and disproportionate by indicating it would not produce such documents 'other than to the extent such documents are produced pursuant to other requests whose content is encompassed by this request.'" [*Id.* at 3–4 & n.1.] Further, HLI contends that its use of its ESI protocol negates any claimed deficiencies with respect to this request. [*Id.* at 6 n.5.] The Court rejects HLI's objection and directs HLI to identify all documents responsive to this request consistent with the directives of Federal Rule of Civil Procedure 34(b)(2)(E).

        5. Document Requests 10, 25–31

With respect to Document Requests 10 and 25–31, HLI indicates that it objected to these requests for being "overbroad, vague, repetitive, and disproportionate by indicating it would not produce such documents 'other than to the extent such documents are produced pursuant to other requests whose content is encompassed by this request.'" [Doc. 76 at 3–4 & n.1.] HLI also contends that its use of ESI protocol negates any claimed

13

deficiencies with respect to all of these document requests with the exception of Request 25. [*Id.* at 6 n.5.] The Court rejects HLI's objection and directs HLI to identify the documents responsive to these individual requests consistent with the directives of Federal Rule of Civil Procedure 34(b)(2)(E).

      6. Document Request 24

With respect to Document Request 24, HLI argues that Mlazgar's request to inspect "all electronic devices capable of storing Electronically Stored Information, which were issued, used, or belonged to James Farrell, Jim Patnaude, Cindy Ross, Paul Lewis, Thomas Benton, Brad Perkins, or Chris Stockton during the period of October 1, 2020, to [April 1, 2021]" is overbroad, burdensome and lacks proportionality. [Docs. 64-8 at 15; 76 at 8.] Mlazgar argues that "[i]ncomplete, evasive, and inconsistent discovery responses may also justify inspection of electronic devices." [Doc. 64-1 at 28 (citing *Booze Pops, LLC v. Real Est. Flipz, LLC*, No. 2:20-cv-691-RMG, 2021 WL 5360937 (D.S.C. Jan. 4, 2021) (ordering defendants to allow plaintiffs a forensic inspection of defendants' electronic devices because their discovery responses were evasive).] Mlazgar also requests that, if the Court finds the record is insufficient to justify inspection at this time, that the Court grant Mlazgar leave to renew its request for inspection in the future. [*Id.* at 30.]

In light of the above review of HLI's incomplete and evasive discovery responses, the Court agrees that such an inspection might be appropriate after giving HLI an opportunity to correct the identified deficiencies in their responses. Thus, if such deficiencies are not adequately cured, Mlazgar may renew its request for inspection in the future.

14

7. Document Request 36

With respect to Document Request 36, HLI indicated that, after using its ESI protocol, it produced 70 documents in its production related to "Operation Bow Tie" and, after a further search, identified 642 additional pages of documents, which were produced to Mlazgar on April 25, 2024. [Doc. 76-1 at 3.] HLI's response to the document request, however, states that it "will not produce documents pursuant to this request other than to the extent such documents are produced pursuant to Requests 34 and 35 or have been produced pursuant to other requests whose content is encompassed by this request." [Doc. 64-17 at 3.] The Court rejects HLI's objection and directs HLI to identify the documents responsive to these individual requests consistent with the directives of Federal Rule of Civil Procedure 34(b)(2)(E).

Any responses to the above-mentioned document requests to which the Court has found HLI's responses to be deficient, shall be supplemented and provided to Mlazgar by **September 13, 2024**.

**Attorneys' Fees and Expenses**

Mlazgar has requested attorneys' fees and reasonable expenses incurred by it by bringing the instant Motion to Compel. [Doc. 64-1 at 34.] HLI argues Mlazgar is not entitled to fees and costs as the primary difficulties associated with discovery were all related to its cumulative, duplicative, repetitive, and overbroad discovery requests. [Doc. 76 at 17.]

Federal Rule of Civil Procedure 37(a)(5)(A) provides that:

> If [a] motion [to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion

>was filed—the court must . . . require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
>>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>>(ii) the opposing party's nondisclosure, response, or objection was substantially justified;
>>
>>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

"A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 n.2 (1988)).  "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery."  *Kemp v. Harris*, 263 F.R.D. 293, 296–97 (D. Md. 2009) (citation omitted). "The court has broad discretion to determine whether a party's discovery failure or objection was substantially justified considering that party's explanation for its conduct and other relevant factors."  *Doe v. Mast*, No. 3:22-cv-00049, 2024 WL 1289705, at *3 (W.D. Va. Mar. 26, 2024); *cf. S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (explaining that the district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless" under Rule 37(c)(1), and that the imposition of sanctions "should be guided by . . . factors"

including "the nondisclosing party's explanation for its failure"). "The non-prevailing party bears the burden of affirmatively demonstrating that its discovery conduct was substantially justified." *Mountain E. Conf. v. Franklin Univ.*, No. 1:21-cv-104, 2022 WL 15446423, at *3 (N.D. W. Va. Oct. 26, 2022); *see also* Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment.

The Court finds that HLI's assertion of boilerplate objection and general objections, as well as its declaration that it would "will not produce documents pursuant to [certain requests]" or directing Mlazgar to documents "produced pursuant to other requests whose content is encompassed by this request" without specifically identifying the documents corresponding to its response is not substantially justified. Out of the 12 interrogatory responses and the 22 document request responses this Court was required to review, the motion to compel was granted as to all but one document request. HLI's responses were woefully deficient and defiantly in contradiction to the spirit of the discovery rules. The Court, therefore, finds that this exception does not provide a basis to avoid an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Because the Court does not find that any other circumstances make an award of expenses unjust, Mlazgar is directed to file a petition for attorneys' fees and costs associated with the filing of the instant motion to compel by **September 4, 2024**. Any response to Mlazgar's petition for attorney's fees shall be filed by **September 13, 2024**.

## **CONCLUSION**

Based on the above, Mlazgar's motion to compel [Doc. 64] is GRANTED IN PART and DENIED IN PART. Mlazgar's motion is GRANTED as to Interrogatories 1–4, 6, 8, 11, 15, 20–22 and Document Requests 2–8, 10, 16–17, 20–23, 25–31, and 36 and

DENIED with leave to refile as to Document Request 24.  Mlazgar shall provide full and complete responses to Mlazgar's Interrogatories and Discovery Requests, as discussed above, on or before **September 13, 2024**.

    IT IS SO ORDERED.

<u>s/ Jacquelyn D. Austin</u>
United States District Judge

August 21, 2024
Orangeburg, South Carolina