IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| R. L. Mlazgar Associates, Inc, | ) | Case No. 6:22-cv-04729–JDA |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| HLI Solutions, Inc; Litecontrol Corporation; Progress Lighting, Inc, | ) | |
| Defendants. | ) | |

This matter is before the Court on a petition for attorneys' fees by Plaintiff R. L. Mlazgar Associates Inc. ("Mlazgar"). [Doc. 477.] Defendant Progress Lighting, LLC ("Progress") filed a response in opposition [Doc. 479] and Mlazgar filed a reply [Doc. 480]. This matter is now ripe for consideration.

## BACKGROUND

Mlazgar requests that reasonable attorneys' fees of $3,212.50 be awarded considering this Court's Order granting in part Mlazgar's motion to compel and its Order directing Mlazgar to file its motion for attorneys' fees in accordance with Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. [Doc. 477 ¶¶ 3, 4.] Mlazgar contends that Progress' failure to provide the discovery sought by Mlazgar's motion to compel until after the motion had been filed subjects Progress to mandatory attorneys' fees under Rule 37(a)(5). [Doc. 477-1 at 3.] In its response opposing the motion, Progress argues that because the Court granted Plaintiff's motion to compel in part and denied the motion in part, Rule 37(a)(5)(C) applies. [Doc. 479 at 4.] Progress argues that a party may not recover attorneys' fees under that rule. [*Id.* at 5.]

**DISCUSSION**

As a threshold issue, the Court must determine which section of Rule 37(a)(5) applies to this motion. The Court granted in part and denied in part Mlazgar's motion to compel. [*See* Docs. 463; 475.] Thus, the Court finds that Rule 37(a)(5)(C) governs this motion for attorneys' fees.[*]

"The Court's finding that Rule 37(a)(5)(C) applies to this motion as opposed to Rule 37(a)(5)(A) is not a distinction without a difference." *United Prop. & Cas. Ins. v. Couture*, No. 2:19-cv-1856-DCN, 2020 WL 3402396, at *2 (D.S.C. June 19, 2020). Rule 37(a)(5)(A) explicitly allows for the awarding of attorneys' fees, while Rule 37(a)(5)(C) allows only reasonable expenses. *Id.*; *see also EEOC v. Bardon, Inc.*, No. RWT-08-1883, 2010 WL 989051, at *3 (D. Md. Mar. 12, 2010) ("Because the term 'attorney's fees' is explicit in subsections (A) and (B) but not in (C), the Court must presume that attorneys' fees are not permissible 'expenses' under subsection (C). The plain reading of the statute mandates this result."). The Court, therefore, denies Mlazgar's motion for fees.

---

[*] Mlazgar contends that because the Court earlier directed Mlazgar to file its motion for attorneys' fees in accordance with Rule 37(a)(5)(A) and Progress did not seek reconsideration of the ruling, the Court should apply Rule 37(a)(5)(A). [Doc. 480 at 1–2 (citing Doc. 463).] However, to the extent the Court previously ruled that Rule 37(a)(5)(A) applies, the Court concludes that the interlocutory ruling was clearly erroneous and exercises its discretion under Rule 54(b) of the Federal Rules of Civil Procedure to revise it. *See Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (explaining that district courts have discretion to revise interlocutory rulings under Rule 54(b) that they conclude are clearly erroneous).

**CONCLUSION**

Based on the above, Mlazgar's motion for attorneys' fees [Doc. 477] is DENIED.

IT IS SO ORDERED.

                                                            s/ Jacquelyn D. Austin
                                                            United States District Judge

February 23, 2026
Greenville, South Carolina