**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| R. L. Mlazgar Associates, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>HLI Solutions, Inc. and<br>Litecontrol Corporation<br><br>Defendants. | ) | CA: 6:22-cv-4729-JDA<br><br>**PLAINTIFF R. L. MLAZGAR ASSOCIATES, INC.'S PETITION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO S.C. CODE § 39-65-30(2)** |

Plaintiff R. L. Mlazgar Associates, Inc. ("Plaintiff" or "Mlazgar"), respectfully petitions the Court for an award of attorneys' fees and costs actually and reasonably incurred by Mlazgar pursuant to the South Carolina Payment of Post-Termination Claims to Sales Representatives Act ("Sales Rep. Act"), S.C. Code § 39-65-30(2). This Petition is based upon the Fed. R. Civ. P. 54, Local Civil Rule 54.02, and other applicable law, as well as the evidence presented during the trial of this case, the accompanying memorandum of law, client invoices with detailed time entries, supporting affidavits and declarations, and additional materials relevant to this request.

The grounds for this Petition, as further described in the accompanying Memorandum in Support of this Petition, are as follows:

1. The Court found Defendant HLI Solution, Inc. and Litecontrol Corporation (collectively "HLI") liable for violation of the Sales Rep. Act at the summary judgment stage of this action in November, 2025. (Doc. 536).

2. Mlazgar and HLI stipulated to the original principal amount of $739,424.00 in unpaid commissions on August 11, 2026, six days before trial. (Doc. 805).

3. At trial, the jury found that HLI's failure to pay withheld commissions to Mlazgar was a willful and wanton disregard for the rights of Mlazgar and violation of the Sales Rep. Act, awarding $739,424 in punitive damages pursuant to the Sales Rep. Act. (Doc. 851).

4. On August 31, 2026, the Court entered judgment in Mlazgar's favor against HLI for $739,424 in actual damages and $739,424 in punitive damages for a total award to Mlazgar against HLI of $1,478,848 under the Sales Rep. Act. (Doc. 851).

5. Section 39-65-30 of the Sales Rep. Act provides that a principal found in violation of the Sales Rep. Act is liable to the sales representative for "attorney's fees and costs actually and reasonably incurred by the sales representative in the action and court costs." S.C. Code § 39-65-30(2). South Carolina's courts have determined that this language "reflects a mandate rather than an option" which can "only reasonably be construed to mandate an award of attorney fees where a violation of the statute is found." *Sherman v. W & B Enterprises, Inc.*, 592 S.E.2d 307, 310 (S.C. Ct. App. 2003).

6. Under Local Civil Rule 54.02(A), "[a]ny petition for attorney's fees shall comply with the requirements set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), and shall state any exceptional circumstances and the ability of the party to pay the fee." *See* Local Civil Rule 54.02(A) (D.S.C.). The materials provided with the Motion and accompanying Memorandum satisfy these requirements.

7. In *Barber*, the Fourth Circuit specified the following factors for analysis: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in

controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber*, at 266. The Court's determination of a reasonable fee award must be accompanied by detailed findings of fact with regard to the factors considered. *Id.* Although all *Barber* factors must be considered, "they need not be strictly applied in every case because not all of the factors are always applicable." *Beaumont v. Branch*, No. 2:23-cv-03546-DCN, 2024 WL 3742755 * 8 (D. S.C. Aug. 9, 2024). While some factors are neutral or inapplicable, all relevant factors support the requested award.

8. Alternatively, the Court may determine that the factors established by the South Carolina Supreme Court control, as attorney's fees are requested pursuant to state statute. *Reese v. Hodges*, No. 3:22-cv-03645-JDA, 2026 WL 395946 * 2 (D. S.C. Feb. 11, 2026) (applying Arizona law to a fee petition submitted under the terms of an Arizona choice-of-law contract). South Carolina uses the factors set forth in *Jackson v. Speed*, 486 S.E.2d 750, 760 (S.C. 1997), which specify the following six factors for analysis: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case;(3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; (6) the customary legal fees for similar services. *Id.* Regardless of the standard ultimately applied, Mlazgar's request satisfies the factors necessary to support this request.

9. Mlazgar respectfully requests that the Court award Mlazgar the full amount of reasonable attorney's fees and expenses requested pursuant to the Sales Rep. Act against HLI, which are in the amount of **THREE MILLION EIGHT HUNDRED FORTY-THREE**

**THOUSAND EIGHT HUNDRED EIGHTEEN DOLLARS AND THIRTY-FOUR CENTS ($3,843,818.34)**, along with such other and further relief as the Court deems just and proper.

Respectfully Submitted,
**BURR & FORMAN, LLP**

Dated: September 14, 2026

/s/Bernie W. Ellis
Bernie W. Ellis (Fed Bar #5950)
104 South Main Street
Suite 700
Greenville, SC 29601
P: (864) 271-4940
F: (864) 271-4015
bellis@burr.com

**DROEL, PLLC**
*Pro Hac Vice*

Tim L. Droel (MN Bar #0338758)
Evan H. Weiner (MN Bar #389176)
Houston M. Droel (MN Bar #403552)
Samuel A. Meshbesher (MN Bar # 0403675)
Jared E. Munster (MN Bar # 0506081)
30 South 9th Street, 7th Floor
Minneapolis, MN 55402
P: (952) 835-1614
tdroel@droellaw.com
eweiner@droellaw.com
hmdroel@droellaw.com
smeshbesher@droellaw.com
jmunster@droellaw.com

**ATTORNEYS FOR PLAINTIFF**
**R. L. MLAZGAR ASSOCIATES, INC.**