**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| R. L. Mlazgar Associates, Inc., | ) | |
| | ) | CA: 6:22-cv-4729-JDA |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF R. L. MLAZGAR** |
| v. | ) | **ASSOCIATES, INC.'S MEMORANDUM** |
| | ) | **IN SUPPORT OF PLAINTIFF'S** |
| HLI Solutions, Inc. and | ) | **PETITION FOR ATTORNEYS' FEES** |
| Litecontrol Corporation | ) | **AND COSTS PURSUANT TO S.C. CODE** |
| | ) | **§ 39-65-30(2)** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff R. L. Mlazgar Associates, Inc. ("Plaintiff" or "Mlazgar"), respectfully petitions the Court for the award of attorneys' fees and costs actually and reasonably incurred by Mlazgar pursuant to the South Carolina Payment of Post-Termination Claims to Sales Representatives Act ("Sales Rep. Act"), S.C. Code § 39-65-30(2). Liability of Defendants HLI Solutions Inc. and Litecontrol Corporation (collectively "Defendants" or "HLI") under the Sales Rep. Act was determined by the Court (Doc. 536) and punitive damages pursuant to the Sales Rep. Act were awarded by the jury at trial. (Doc. 851). Courts have recognized that the language of S.C. Code § 39-65-30 establishes mandatory liability for "attorney's fees actually and reasonably incurred" in pursuit of claims under the Sales Rep. Act. *Sherman v. W & B Enterprises, Inc.*, 592 S.E.2d 307, 310 (S.C. Ct. App. 2003). As a result, Mlazgar is entitled to the recovery of its reasonable attorneys' fees and costs incurred in pursuit of these remedies, in the amount of **THREE MILLION EIGHT HUNDRED FORTY-THREE THOUSAND EIGHT HUNDRED EIGHTEEN DOLLARS AND THIRTY-FOUR CENTS ($3,843,818.34)**, as set forth below.

## ARGUMENT

### I. FEE SHIFTING IS MANDATED BY STATUTE

The State of South Carolina has established that "[a] principal who fails to comply with the provisions of Section 39-65-20 ***is liable*** to the sales representative in a civil action for. . . attorney's fees actually and reasonably incurred by the sales representative in the action and court costs." S.C. Code § 39-65-30 (emphasis added). In applying this statutory text, South Carolina's courts have held that the Legislature's use of the term "is liable" in the statute "reflects a mandate rather than an option." *Sherman v. W & B Enterprises, Inc.*, 592 S.E.2d 307, 310 (S.C. Ct. App. 2003).

In *Sherman*, the court analyzed the legislature's construction of the statute and determined that use of the term "is liable" rather than a permissive construction of "may be liable" indicated that the legislative intent of the statute can "only reasonably be construed to mandate an award of attorney fees where a violation of the statute is found." *Id.* This Court established HLI's liability for violation of the Sales Rep. Act in its Order on Cross-Motions for Summary Judgment in November of 2025. (Doc. 536). Accordingly, there is no question that HLI violated § 39-65-20, which is the only statutory prerequisite for attorneys' fees under the Sales Rep. Act. HLI's wanton and willful disregard of its responsibilities under the Sales Rep. Act was established by the jury's award of $739,424 in punitive damages. (Doc. 851). As a result, Mlazgar is statutorily entitled to reasonable attorney's fees.

### II. ALL FEES REASONABLY INCURRED FOR MLAZGAR'S CLAIMS AND DEFENSES ARE RECOVERABLE UNDER THE SALES REP. ACT

#### A. The Baseline Assessment of Reasonableness is the Lodestar Calculation.

In determining the reasonableness of a fee petition for statutory fees, South Carolina and the federal courts use the lodestar method, as provided by the United States Supreme Court.

*Layman v. State*, 658 S.E.2d 320, 332 (S.C. 2008); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.

*Hensley*, at 433. Simply stated, the lodestar method "is calculated by multiplying a reasonable hourly rate by the reasonable time expended." *Layman*, at 332. Accompanying this Motion and Memorandum of Support, Mlazgar has submitted detailed billing records to support the hours claimed in association with this action. Also included are declarations in support of the reasonableness of attorney rates charged.

**B. Fees and Costs of Factually Related Claims are Recoverable Regardless of Success.**

The bellwether case for award of attorneys' fees when there are a combination of related, successful, and unsuccessful claims in a single case is *Hensley*, which provides that in cases containing a combination of related claims – some of which succeed and some of which do not – the Plaintiff "should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." 461 U.S. at 440.

Relatedness of claims within an action looks to whether they "involve a common core of facts or [are] based on related legal theories." *Id*. at 435. In establishing this standard, the Court advised that "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims," but rather, it should be viewed as a whole. *Id.* To determine whether fees should be adjusted, the court looks to the relatedness of claims, particularly if the claims for relief involve a common core of facts or the same legal theories are advanced in pursuit of the

claims, which would make the claims "virtually indistinguishable." *Hensley*, at 435; *NCO Financial Sys., Inc. v. Montgomery Park, LLC*, 134 F.4th 265, 272 (4th Cir. 2025); *Layman*, at 333. Further, South Carolina's Supreme Court has stated plainly: "a party need not be successful as to all issues in order to be found to be a prevailing party" to obtain attorneys' fees under a statutory fee shift provision. *Layman*, at 333; *Heath v. County of Aiken*, 394 S.E.2d 709, 711 (S.C. 1990).

Plaintiff, in the instant action, raised several additional claims against Defendants in addition to the Sales Rep. Act claim. These claims arose from a common core of facts. While Defendants may have avoided liability on some of those claims, that does not diminish their relatedness to the primary claim. *See Abshire v. Walls*, 830 F.2d 1277, 1282-83 (4th Cir. 1987)(abrogated on other grounds by *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504 (1989)(providing that unsuccessful claims arising from a common core of facts were "inextricably intertwined" with the successful claim despite being based on different legal theories).

**C. Claims and Defenses to Counterclaims are Inextricably Intertwined.**

A second consideration in the relatedness of claims is whether the claims are "inextricably intertwined." *Id.* As recognized in *Hensley*, many cases are based on factually related issues require counsel to focus on litigation as a whole, making it difficult to parse out hours related to specific claims or counterclaims. *Hensley*, 461 U.S. at 435. The time and labor required for an action must necessarily consider the costs incurred by the plaintiff in defending against counterclaims when the claims and facts are intertwined. *American Federal Bank, FSB v. Number One Main Joint Venture*, 467 S.E.2d 439, 443 (S.C. 1996); *Charleston Lumber Co., Inc. v. Miller Housing Corp.*, 458 S.E.2d 431, 439 (S.C. Ct. App. 1995). The *American Federal* court broadly stated that recovery for fees arising out of defending against counterclaims "may be awarded when the facts

and issues are intertwined." *American Federal*, at 443; *accord Hardaway Concrete Co., Inc. v. Hall Contracting Corp.*, 647 S.E.2d 488, 496 (S.C. Ct. App. 2007). Here, Defendants' counterclaim for breach of contract necessarily arises from the same facts and issues, as that counterclaim is based on the same contract and series of events giving rise to Mlazgar's claims. Separation of prosecution of Mlazgar's claims and defense against the counterclaim was not only infeasible, but impossible.

Moreover, HLI attempted to defend against Mlazgar's breach of contract and Sales Rep. Act claims based on the same facts giving rise to HLI's counterclaim. In granting Mlazgar summary judgment on Mlazgar's breach of contract and Sales Rep. Act claims against HLI, the Court held that the breach of contract alleged in HLI's counterclaim did not justify HLI withholding commissions from Mlazgar. (Doc. 536, pg. 18-20, 32-33).

The determination of whether claims, successful or unsuccessful, are inextricably intermingled is not "reached through application of any precise rules or formulae, but rather through the equitable judgment of the district court exercising discretion in light of the concerns expressed in *Hensley*." *Plyler v. Evatt*, 902 F.2d 273, 280 (4th Cir. 1990). Here, even a cursory review of Mlazgar's claims and defenses clearly shows the related and intertwined nature of the underlying facts and events giving rise to this action. This years-long litigation saga began with HLI unlawfully withholding earned commissions from Mlazgar, in an effort to "deliver a punch in the nose to Mlazgar that the lighting world can see." [Def. Trial Ex. 141]. Every subsequent action and decision of HLI came from this "core goal." [*Id.*]. Every claim raised by Mlazgar in this action, both successful and unsuccessful, arose from HLI's actions in furtherance of this "core goal." Due to the inextricably intertwined nature of Mlazgar's claims and defenses to HLI's counterclaim, Mlazgar is entitled to all reasonable fees requested through this Petition.

## III. *BARBER* FACTOR ANALYSIS OF REASONABLENESS

The Local Civil Rules for the U.S. District Court for the District of South Carolina provide that "[a]ny petition for attorney's fees shall comply with the requirements set forth in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978)." *Barber* provides twelve-factors which must be considered in determining the reasonableness of attorney's fees: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.*, at n. 28.

### A. The Time and Labor Expended

Over the course of this dispute, which has now extended for nearly six years, Mlazgar's counsel has expended significant effort. Upon the Court's entry of judgment, total docket entries in this dispute reached 851 total entries. The efforts of Mlazgar's counsel are reflected in the detailed billing statements submitted in support of the attorney's fee petition.

Ultimately, Mlazgar's Sales Rep. Act claim was successful. This Court found HLI liable for violation of the Sales Rep. Act. (Doc. 536). Just before trial, the parties stipulated to the original principal amount of unpaid commissions. (Doc. 805). The jury found HLI's failure to pay earned commissions under the Sales Rep. Act to be a willful and wanton disregard of the law and Mlazgar's rights and awarded punitive damages equal to the unpaid commissions. (Doc. 851).

### B. The Novelty and Difficulty of the Questions Raised

Successful litigation in this matter required assimilation, organization, and presentation of a significant quantity of information, which supports an award of fees under this factor. *Sherill v. J.P. Stevens & Co., Inc.*, 441 F.Supp. 846, 848 (W.D. N.C. 1977), *aff'd*, 594 F.2d 858 (4th Cir. 1979). Mlazgar's claims and defenses required significant factual development in addition to the time necessarily devoted to legal research and extensive motion practice. Mlazgar succeeded in demonstrating to the jury that HLI willfully and wantonly violated its rights under the Sales Rep. Act resulting in significant punitive damages. This factor supports the full award of fees requested by Mlazgar.

### C. The Skill Required to Properly Perform the Legal Services Rendered

This matter involved years of complex motion practice as well a nine-day jury trial. The evidence in this case needed to be developed appropriately and methodically to address the motions filed by HLI and to document and present to a jury the underlying actions of HLI which reflect its willful and wanton rejection of Mlazgar's right to be paid for the sales Mlazgar successfully solicited on HLI's behalf. Attorneys representing Mlazgar are reasonably skilled to properly perform these tasks, as indicated in the accompanying declarations of support.

### D. The Attorney's Opportunity Costs in Pressing the Instant Litigation

Opportunity cost looks to the time commitment by the party's attorney which may preclude other employment opportunities or work for other clients. *Oakwood Products, Inc. v. SWK Technologies, Inc.*, 9:20-cv-04107-DCN, 2025 WL 2200957 (D. S.C. Aug. 1, 2025); *see Sherill*, 441 F.Supp. at 848. *Sherill* provides that a commitment of over 1,300 hours over four and a half years "is bound to restrict the work a law firm can do for other clients." *Sherill*, at 848. *Oakwood Products* found the same to be true when counsel was required to expend "more than 2,600 hours

of time.” *Oakwood Products*, at * 24. Here, from the time HLI began withholding commissions from Mlazgar until final judgment was entered, Mlazgar’s counsel expended over 16,000 hours. The time counsel has dedicated to this matter, as detailed in the supporting documentation provided, has created a significant opportunity cost.

**E. The Customary Fee for Like Work.**

As provided in the accompanying declarations of support, the hourly rates charged in this case are reasonable. Throughout this litigation, fees for Mlazgar’s counsel from Droel, PLLC were in the range of $260 to $325 per hour, as indicated on the table below. See Exhibit 1 (Affidavit of Tim L. Droel).

| Attorney | Rate | Hours Billed |
|---|---|---|
| T. Droel | $325.00 | 1,239.0 |
| E. Weiner | $320.00 | 2,362.2 |
| H. Droel | $275.00 | 1,052.9 |
| S. Meshbesher | $275.00 | 2,794.3 |
| J. Munster | $275.00 | 1,139.4 |
| A. Oliver | $265.00 | 2,691.6 |
| E. Donaher | $275.00 | 178.7 |
| R. Windberg | $285.00 | 144.3 |
| A. Buczak | $260.00 | 116.2 |
| B. Tupa | $265.00 | 7.8 |
| G. Jacobson | $275.00 | 27.12 |
| D. Wilcox | $285.00 | 104.0 |
| M. Halverson | $320.00 | 120.6 |

| | | |
|---|---|---|
| S. Buterin | $310.00 | 238.7 |
| R. Fargo | $275.00 | 260.4 |
| S. Anderson | $275.00 | 572.7 |
| M. Kargbo | $265.00 | 1,534.8 |
| C. Schrupp (Paralegal) | $265.00 | 1,790.9 |

Local counsel's fees were at the following rates: $330.00 (2020) - $535.00 (2026) and $765.00 in 2026. Paralegal hourly rates for local counsel ranged from $160.00 to $290.00 from 2023 to 2026. A declaration is also provided by Bernie Ellis, attached as Exhibit 2, local counsel in Greenville, South Carolina, who is familiar with the skills of counsel and more generally with the type of work in the relevant community. *See Plyler*, 902 F.2d at 278 (finding that fee applicants may draw from a range of sources demonstrating the prevailing market rates including "affidavits of other local lawyers who are familiar with both the skills of the fee applicants and more generally with the type of work in the relevant community"). Mr. Ellis expresses the opinion that the rates charged are either in line with or below rates charged in the prevailing market for similar services offered by attorneys of reasonably comparable skill and experience. An additional declaration as to the prevailing market rates of attorneys who handle business litigation and statutory disputes before this Court is provided by Attorney Lane W. Davis, of Greenville, South Carolina. Exhibit 3. This documentation, along with the Court's own knowledge of previous awards in similar cases, establishes this factor in favor of Mlazgar's requested award.

**F. The Attorney's Expectations at the Outset of the Litigation**

This factor is generally understood to be relevant when there is contingent fee arrangement between counsel and the party it represents. *Liberty Mut. Ins. Co. v. Employee Resource Mgt.*, 176

F.Supp.2d 510, 535 (D. S.C. 2001). In *Liberty Mutual*, the court found that this factor "which generally implicates contingent fee arrangements, is irrelevant" when attorney compensation is not contingent. As there is no contingent fee agreement in this matter, this factor is irrelevant to the *Barber* analysis and neutral in the Court's determination of reasonableness.

**G. The Time Limitations Imposed by the Client or Circumstances**

No time limitations were imposed by the client or circumstances over the course of this litigation. This factor is neutral.

**H. The Amount in Controversy and the Results Obtained**

An award of the full amount of fees and expenses requested is appropriate in this case based on HLI's unlawful withholding of earned commissions and its willful and wanton disregard of Mlazgar's rights as determined by the jury. The purpose of the Sales Rep. Act providing for recovery of attorney's fees is the inherent mismatch in resources between a principal and a sales agent, which could result in the sales agent's pursuit of commissions financially impractical.

While courts "can take the amount of damages recovered into account" they cannot use that fact alone to determine reasonableness under lodestar. *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Obtaining less than the full amount requested is quite common. *See Super Duper*, *Inc. v. Mattel*, Inc., No. 6:05-1700-HFF-WMC, 2009 WL 866463, at * 1 (D. S.C. Mar. 31, 2009), *aff'd*, 382 F. App'x 308 (4th Cir. 2010) (noting that "[r]are is the case in which the claimant is both successful on every claim and receives the award amount that she seeks"). It is recognized that "counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter." *See Riverside*, at 592 (confirming award of attorney's fees in the amount of $245,456.25 following an award of $33,350.00 in damages).

Here, the verdict in favor of Mlazgar and against HLI on Mlazgar's Sales Rep. Act claim totals $1,478,848.00. While the fees and expenses sought by Mlazgar exceed the amount of the jury's verdict in favor of Mlazgar, this should have no bearing on the Court's determination of the amount of reasonable fees. Statutes often create a right to recover attorney's fees to encourage that meritorious claims be pursued and rights be vindicated even though litigation costs can exceed the amount recovered. *See Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 385, 377 S.E.2d 296, 297 (S.C. 1989) (reversing decision by the Court of Appeals and reinstating fee award that exceeded actual damages by more than 50% and confirming that "[c]ourts in other jurisdictions have awarded attorney fees which exceeded the verdict obtained"); see also S.C. Code § 37-5-202 ("[i]n determining attorney's fees [in a consumer protection code action], the amount of the recovery on behalf of the consumer is not controlling").

Under this factor, the Court should look to the jury's vindication of Mlazgar's rights under the Sales Rep. Act in the form of punitive damages, recognizing that despite the overall outcome of the case, Mlazgar was successful on a claim which provides for recovery of reasonable attorneys' fees.

**I. The Experience, Reputation, and Ability of the Attorney.**

The experience, reputation, and ability of the attorneys performing legal services in this case provide further support for a favorable finding under the *Barber* factor analysis. The law firm of Droel, PLLC served as lead counsel in this matter. The Droel law firm and its attorneys who worked on this matter have substantial combined experience in commercial litigation. Burr & Forman, LLP served as local counsel in this matter. The declaration of local counsel Mr. Ellis is also provided to attest to the experience, reputation, and ability of Mlazgar's counsel. These

declarations demonstrate that the experience, reputation, and ability of Mlazgar's counsel justify the fees and expenses requested in the underlying Motion.

**J. The Undesirability of the Case within the Legal Community.**

Plaintiff does not represent that this case was undesirable in the legal community in which the dispute arose. As a result, this factor is neutral.

**K. The Nature and Length of the Progressional Relationship.**

Droel, PLLC has served as long time counsel for Mlazgar, including in other litigation. This factor weighs in favor of the requested fee award.

**L. Attorney's Fees Awards in Similar Cases.**

Significant fee awards in complex business litigation cases are common in this District. In *Super Duper, Inc. v. Mattel, Inc.*, the District of South Carolina's Greenville Division awarded attorneys' fees of $2,643,844.15 following a jury verdict of $400,000 in a complex intellectual property case which spanned over three years and involved experienced in-state and out-of-state counsel. 2009 WL 866463. Similarly significant awards were also granted in *Palmetto Health Credit Union v. Open Sols. Inc.*, No. 3:08-cv-3848-CMC, 2011 WL 11702 * 9 (D. S.C. Jan 4. 2011)(awarding $857,341.20 in attorneys' fees and costs), and *Maybank v. BB&T Corp.*, 787 S.E.2d 498, 509 (S.C. 2016)(awarding $2,899,306 in attorneys' fees and costs). These cases reflect that attorneys' fees can properly be awarded in complex business litigation cases such as the instant case. The amount requested by Mlazgar is comparable to and does not deviate from amounts awarded in South Carolina for similarly complex, prolonged litigation.

**M. Exceptional Circumstances and Ability to Pay**

Mlazgar is not aware of any exceptional circumstances effecting this fee petition or any inability on the part of HLI to pay the requested fee award.

## IV. REASONABLENESS UNDER SOUTH CAROLINA'S *JACKSON* FACTORS

While the Local Civil Rules and the Fourth Circuit apply the *Barber* factors to assess the reasonableness of a fee petition, fees in this matter are available pursuant to South Carolina statute and the Court may determine that state standards for fee petitions control. *Reese v. Hodges*, No. 3:22-cv-03645-JDA, 2026 WL 395946 * 2 (D. S.C. Feb. 11, 2026)(applying Arizona law to a fee petition submitted under the terms of an Arizona choice-of-law contract). South Carolina uses the *Jackson* factors, which should be incorporated into the lodestar assessment, none of which are controlling. *Jackson v. Speed*, 486 S.E.2d 750, 760 (S.C. 1997); *Layman*, at 332; *Baron Data Sys., Inc. v. Loter*, 377 S.E.2d 296, 297 (S.C. 1989); *Darden v. Witham*, 209 S.E.2d 42, 46 (1974)(overruled on other grounds). Because recovery of attorneys' fees in the present case is governed by State law, Mlazgar will also address the South Carolina State law approach to attorney's fees addition to the *Barber* factors. Regardless of the approach, the result is the same: Mlazgar's requested fee award of **$3,843,818.34** is reasonable.

The analysis of reasonableness under *Barber* and *Jackson* is substantially similar, asking the same questions in a slightly different way. In the interest of ensuring a clear analysis by the Court under *Jackson*, these factors will be separately analyzed. The six *Jackson* factors are: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case;(3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; (6) the customary legal fees for similar services. *Layman*, at 333; *Jackson*, at 760.

### A. The Nature, Extent, and Difficulty of the Case and the Time Necessarily Devoted to the Case

The analysis of time necessarily devoted to the case largely reflects a particular focus on the reasonable time expended factor of the lodestar calculation. In discussing the appropriate means for addressing this *Jackson* factor, the *Maybank* court approved of the trial court's

assessment of the duration of litigation, voluminous discovery (both in documents produced and depositions conducted), and extensive motion practice involved. *Maybank*, 787 S.E.2d at 519.

In awarding the requested attorney's fees, the trial court in *Maybank* determined that the time identified by Plaintiff's counsel was "fairly expended" in pursuit of the claims, particularly "in light of the comprehensive, challenge every issue defense employed by Defendants." Order and Final J. 24-25, Civil Action 2011-CP-23-8578 (Ct. Common Pleas 13th Jud. Cir., Nov. 10, 2014). In total, the trial court approved, and the state supreme court upheld, a claim for nearly 67,000 hours of legal work, comprising "32 depositions, review of 60,00 pages of discovery, and responding to eight substantive motions for summary judgment." *Id.* Notably, this award of fees was upheld despite only one successful claim allowing statutory fee shifting. Applying the Supreme Court's guidance from *Hensley*, the trial court noted that the fees associated with the one particular cause of action allowing fee shifting are not separable from other claims, as all arise from a common core of facts, making allocation of time to individual causes of action virtually impossible. *Id.* at 25-26.

**B. The Professional Standing of Counsel.**

This factor aligns with the ninth *Barber* factor, discussed above at Section III.I. The declarations accompanying this Motion demonstrate that the professional standing of Mlazgar's counsel justify the fees and expenses requested in the underlying Motion.

**C. The Contingency of Compensation.**

There is no contingency fee arrangement associated with this case; therefore, this factor is irrelevant to the *Jackson* analysis and neutral in the Court's analysis.

**D. Beneficial Results Obtained**

In South Carolina, analysis under this factor is not limited to the financial outcome of a dispute, but "whether the services of a lawyer facilitated a favorable result." *Glasscock v. Glasscock*, 403 S.E.2d 313, 315 (S.C. 1991). 'Favorable results' can take different forms, including avoidance of liability on claims brought by an opposing party or modification of the opposing party's behavior in such a way that direct benefits accrue to the successful party. *Baron*, at 297; *Alexander S. By and Through Bowers v. Boyd*, 929 F. Supp. 925 (D. S.C. 1995).

The amount in controversy and amount recovered can be considered when addressing reasonableness of fees; however, use of that metric is not limited by the prevailing party's percentage of success but should be considered in tandem with results obtained. *Rivera*, 477 U.S. at 574. The inclusion of attorneys' fees as part of recovery in statutory actions is "intended to make such claims economically viable" for smaller actors pursuing claims against larger, and more resourced tortfeasors. *Austin v. Stokes-Craven Holding Corp.*, 691 S.E.2d 135, 153 (S.C. 2010). As a result, courts "can take the amount of damages recovered into account" but cannot use that fact alone to determine reasonableness under lodestar. *Rivera*, at 574. There is a "strong presumption" that the lodestar calculation represents a reasonable fee, and as such, adjustments to lodestar should only result when *fees* are found to be "either unreasonably low or unreasonably high" with consideration of damages only a factor in the overall analysis. *Council for Clean Air*, 478 U.S. at 565; *Blum v. Stenson*, 465 U.S. 866, 897 (1984).

Here, Mlazgar achieved an award on its Sales Rep. Act claim of $739,424.00 in actual damages and $739,424.00 in punitive damages, for a total of $1,478,848.00. This beneficial result, which Mlazgar obtained under a claim with a mandatory fee shift provision, weighs in favor of Mlazgar's requested fee award.

**E. The Customary Legal Fees for Similar Services.**

When evaluating rates for reasonableness, courts look to the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n. 11. As confirmed by the declaration of Mlazgar's local counsel Bernie Ellis, the rates charged by Mlazgar's counsel are within the customary rate scale charged by similarly skilled firms in the Greenville, South Carolina area. As recently as 2025, the South Carolina Court of Appeals held an hourly rate of $450.00 was reasonable. *Hess v. Morphis Pediatric Group of Lancaster, P.A.*, 920 S.E.2d 1, 15-16 (S.C. Ct. App. 2025).

## CONCLUSION

For the foregoing reasons, Plaintiff R. L. Mlazgar Associates, Inc. respectfully requests that this Court award Mlazgar the full amount of reasonable attorneys' fees and costs requested pursuant to the South Carolina Payment of Post-Termination Claims to Sales Representatives Act, S.C. Code § 39-65-30(2), against HLI Solutions, Inc. and Litecontrol Corporation, in the amount of **THREE MILLION EIGHT HUNDRED FORTY-THREE THOUSAND EIGHT HUNDRED EIGHTEEN DOLLARS AND THIRTY-FOUR CENTS ($3,843,818.34)**, along with such other and further relief as the Court deems just and proper.

Respectfully Submitted,
**BURR & FORMAN, LLP**

Dated: September 14, 2026

/s/ Bernie W. Ellis
Bernie W. Ellis (Fed Bar #5950)
104 South Main Street
Suite 700
Greenville, SC 29601
P: (864) 271-4940
F: (864) 271-4015
bellis@burr.com

**DROEL, PLLC**
*Pro Hac Vice*

Tim L. Droel (MN Bar #0338758)
Evan H. Weiner (MN Bar #389176)
Houston M. Droel (MN Bar #403552)
Samuel A. Meshbesher (MN Bar # 0403675)
Jared E. Munster (MN Bar # 0506081)
30 South 9th Street, 7th Floor
Minneapolis, MN 55402
P: (952) 835-1614
tdroel@droellaw.com
eweiner@droellaw.com
hmdroel@droellaw.com
smeshbesher@droellaw.com
jmunster@droellaw.com

**ATTORNEYS FOR PLAINTIFF**
**R. L. MLAZGAR ASSOCIATES, INC.**