# <u>EXHIBIT 1</u>

***(Declaration of Tim L. Droel)***

to Plaintiff R.L. Mlazgar Associates, Inc.'s Memorandum
in Support of Plaintiff's Petition for Attorneys' Fees and Costs
Pursuant to S.C. Code § 39-65-30(2)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| R. L. Mlazgar Associates, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>HLI Solutions, Inc. and<br>Litecontrol Corporation<br><br>Defendants. | ) | CA: 6:22-cv-4729-JDA<br><br>**DECLARATION OF TIM L. DROEL IN SUPPORT OF PLAINTIFF R. L. MLAZGAR ASSOCIATES, INC.'S PETITION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO S.C. CODE § 39-65-30(2)** |

1. I am the Founder and Managing Member of the law firm Droel, PLLC, which was established in 2012.

2. Droel, PLLC has served as counsel to Plaintiff R. L. Mlazgar Associates, Inc. ("Plaintiff" or "Mlazgar") since 2020, including at all times relevant to the underlying litigation for which attorneys' fees are now requested.

3. This Declaration is submitted in support of Mlazgar's Petition for Attorneys' Fees and Costs pursuant to S.C. Code § 39-65-30(2) to recover fees and costs incurred by Mlazgar in successfully bringing an action pursuant to the South Carolina Payment of Post-Termination Claims to Sales Representatives Act ("Sales Rep. Act"), S.C. Code § 39-65-10, et seq.

4. The purpose of this Declaration is to establish the reasonableness and appropriateness of the fee and expense award being requested. In preparing this Declaration and submitting this Motion, I have conducted a thorough review of the file and billing information and reviewed all time entries to ensure reasonableness, accuracy, and lack of duplication.

5. The specific time spent on tasks, nature of the tasks, the amounts charged, and the expenses incurred are shown on the invoices that were sent to and paid by the client over the course of the litigation, from the time Defendants HLI Solutions, Inc and Litecontrol Corporation (collectively "Defendants" or "HLI") began withholding earned sales commissions. These are attached as Exhibit "A." As indicated on the invoices, discounts were provided to the client over the course of this litigation in the amount of $1,747,946.66. This has caused the amount being requested by Mlazgar to be significantly lower than the actual value of services provided.

6. All work reflected on the invoices attached hereto as Exhibit "A" were performed personally by me or by attorneys and staff under my direct supervision.

***Time and Labor Expended***

7. I have been responsible for directing the representation of Mlazgar in this matter from the outset. The time billed for attorney work on this matter includes time spent on legal research, drafting pleadings, drafting discovery requests and responses, reviewing extensive documents produced through discovery, preparing for, conducting, and defending depositions, extensive motion practice, trial preparation, and a nine-day jury trial.

8. The legal work to obtain the Court's determination of liability for HLI's violation of the Sales Rep. Act and the jury's award of substantial punitive damages represents nearly six years of active engagement and litigation with HLI. Upon the Court's entry of judgment in this matter, the case reached its 851st docket entry.

9. Following HLI's unlawful withholding of commission which began in November 2020, we began working with Mlazgar to demand payment of these commissions. HLI refused to pay these commissions, and Mlazgar filed this lawsuit on December 30, 2022.

10. Once the case was filed, significant attention and effort was devoted to discovery. The parties exchanged numerous sets of interrogatories, requests for production, and requests for admission. Ultimately 15 depositions were taken, including depositions in South Carolina, Minnesota, Illinois, Ohio, and Florida.

11. This case involved extensive motion practice by all parties.

12. The parties prepared for and conducted two mediations in compliance with the Court's order to conduct mediation.

***Novelty and Difficulty of the Questions Raised***

13. Obtaining a jury award of punitive damages in Sales Rep. Act cases is sufficiently novel and difficult to justify the full amount of fees and expenses requested under the lodestar analysis. The case involved assimilation, organization, and presentation of a significant quantity of information, which is recognized to support an award of fees under the second *Barber* Factor. *See, e.g. Sherill v. J. P. Stevens & Co.*, 441 F.Supp. 846, 848 (W.D. N.C. 1977), *aff'd*, 594 F.2d 858 (4th Cir. 1979).

***Skill Required to Properly Perform the Legal Services Rendered***

14. This matter involved a complete jury trial as well as complex motion practice. A material level of skill is necessary to perform these tasks properly. The evidence had to be developed appropriately and methodically to respond to the dispositive motions filed by HLI, successfully move for summary judgment on Mlazgar's claims for breach of contract and violation of the Sales Rep. Act, reach a stipulation with HLI as to the original principal amount of unpaid commissions just before trial, and present Mlazgar's claim for punitive damages to the jury. Punitive damages under the Sales Rep. Act required proof of HLI's willful and wanton disregard of Mlazgar's rights to its earned, unlawfully withheld commissions.

### *Attorney's Opportunity Costs in Pressing the Instant Litigation*

15. The extensiveness of this litigation, the approach adopted by the defense, and the time commitment required to pursue a civil proceeding in federal court can preclude other employment opportunities. *See Sherrill v. J P. Stevens & Co.*, 441 F. Supp. 846, 848 (W.D.N.C. 1977), *aff'd*, 594 F.2d 858 (4th Cir. 1979) (stating that "[a]ny case which requires a commitment of over 1,300 lawyer hours over a period of four and one-half years is bound to restrict the work a law firm can do for other clients."); see also *Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 534 (D.S.C. 2001) ("Here, based on the length and complexity of the discovery, pre-trial preparation and trial, as demonstrated by counsel's time entries, it necessarily follows that plaintiffs counsel was unable to perform work for other clients."). This case required over 16,000 hours of attorney and paralegal time, as reflected on the attached invoices.

### *Customary Fees for Like Work*

16. The hourly rates and number of hours recorded by each timekeeper who has billed time on this matter are set forth in the Memorandum in Support of Plaintiff's Petition for Attorneys' Fees and Costs. The rates for all Droel, PLLC attorneys and staff on this matter have stayed the same from initiation of this litigation through the present, with all rates between $260.00 and $325.00 per hour. We were cognizant of accruing expenses with respect to this action throughout litigation which is why we maintained consistent billing levels throughout this action.

17. Rates between $260.00 and $325.00 are reasonable and below rates determined to be reasonable by South Carolina courts. *See Hess v. Morphis Pediatric Group of Lancaster, P.A.*,

920 S.E.2d 1, 15-16 (S.C. Ct. App. 2025)(holding an hourly rate of $450.00 per hour as reasonable within the South Carolina legal market).[1]

***Attorney's Expectations at the Outset of Litigation***

18. Attorney compensation was not contingent in this matter. Droel, PLLC has issued monthly invoices to Mlazgar through the duration of this action. Mlazgar has paid Droel, PLLC monthly for services rendered. *See Liberty Mut. Inc. Co. v. emp. Res. Mgmt., Inc.*, 176 F.Supp.2d 510, 535 (D. S.C. 2001)(providing that this *Barber* Factor generally implicates contingent fee arrangements, rendering this Factor irrelevant).

***Time Limitations Imposed by Client or Circumstances***

19. Neither the client nor the circumstances presented any specific time constraints during the litigation, which has extended over several years.

***Amount in Controversy and Results Obtained***

20. The amount in controversy under the Sales Rep. Act included all earned sales commissions unlawfully withheld from Mlazgar by HLI, plus punitive damages, attorney's fees, an costs. After the Court found HLI liable for violation of the Sales Rep. Act as a matter of law (Doc. 536), the parties stipulated to an unpaid, earned commission balance of $739,424 just before trial. (Doc. 805).

21. Ultimately, the jury awarded Mlazgar punitive damages in the amount of $739,424 in recognition of HLI's willful and wanton disregard for Mlazgar's rights under the Sales Rep. Act.

---

[1] The rates charged and the amount billed by local counsel, Burr & Forman, L.P. are set forth in the Declaration of Bernie Ellis, filed herewith. That amount is included in the total set forth below.

22. While the jury did not find liability on Mlazgar's claim of aiding and abetting breach of fiduciary duty, it is customary for a claimant not to be successful on every claim raised and to still receive the full attorney's fee award amount sought. *See Super Duper, Inc. v. Mattel, Inc.*, No. 6:05-1700-HFF-WMC, 2009 WL 866463 * 1 (D. S.C. Mar. 31, 2009). As a result, the court is not required to reduce the fee award because a party is not successful on every claim.

23. Declarant acknowledges that the amount of fees and expenses requested exceeds Mlazgar's recovery under the Sales Rep. Act. This is neither uncommon nor inappropriate. Statutes often create a right to recover attorneys' fees to encourage meritorious claims be pursued and rights vindicated even though litigation costs can exceed the amount recovered. *See Baron Data Sys., Inc. v. Loter*, 377 S.E.2d 296, 297 (S.C. 1989).

***Experience, Reputation, and Ability of Counsel***

24. Declarant was admitted to the Minnesota Bar in 2004 and has represented clients in business and contract disputes since that time.

25. Declarant is admitted to the practice of law in the states of Minnesota, Oklahoma, South Dakota, and Texas and remains in good standing with all jurisdictions.

26. Over the course of my practice, I have successfully handled complex business litigation, including matters in Minnesota and other states.

27. In the instant matter, additional attorneys and paralegals working collaboratively under my supervision include: Evan Weiner, Houston Droel, Samuel Meshbesher, Jared Munster, Adam Oliver, Emily Donaher, Ruth Windberg, Ariel Buczak, Daniel Wilcox, Minard Halverson, Stephen Buterin, Ryan Fargo, Sydnee Anderson, Brendan Tupa, Grace Jacobson, Mariatu Kargbo, and Charise Schrupp (paralegal).

28. Evan Weiner was admitted to the Minnesota Bar in 2008 and has represented clients in business and contract disputes since that time. Mr. Weiner is admitted to the practice of law in the states of Minnesota and Wisconsin and remains in good standing with both jurisdictions. During his time in practice, Mr. Weiner has successfully handled complex business litigation. Mr. Weiner has worked with Droel, PLLC since 2023 and remains with the organization.

29. Houston Droel was admitted to the Minnesota Bar in 2022 and has represented clients in business and contract disputes since that time. Mr. Droel is admitted to the practice of law in the states of Minnesota and Texas and remains in good standing with both jurisdictions. During his time in practice, Mr. Droel has successfully handled complex business litigation. Mr. Droel has been an attorney with Droel, PLLC since 2022 and remains with the organization.

30. Samuel Meshbesher was admitted to the Minnesota Bar in 2022 and has represented clients in business and contract disputes since that time. Mr. Meshbesher is admitted to the practice of law in the states of Minnesota and Iowa and remains in good standing with both jurisdictions. During his time in practice, Mr. Meshbesher has successfully handled complex business litigation. Mr. Meshbesher has worked with Droel, PLLC since 2024 and remains with the organization.

31. Jared Munster was admitted to the Minnesota Bar in 2024 and has represented clients in business and contract disputes since that time. Mr. Munster is admitted to the practice of law in the states of Minnesota and Wisconsin and remains in good standing with both jurisdictions. Mr. Munster has worked with Droel, PLLC since 2025 and remains with the organization.

32. Adam Oliver was admitted to the Minnesota Bar in 2023 and has represented clients in business and contract disputes since that time. Mr. Oliver is admitted to the practice of law in the states of Minnesota and Wisconsin and remains in good standing with both jurisdictions.

During his time in practice, Mr. Oliver has successfully handled complex business litigation. Mr. Oliver worked with Droel, PLLC from 2023 through 2026.

33. Emily Donaher was admitted to the Minnesota Bar in 2018 and represented clients in business and contract disputes while employed at Droel, PLLC. Ms. Donaher is admitted to the practice of law in the state of Minnesota and remains in good standing. Ms. Donaher previously worked with Droel, PLLC.

34. Ruth Windberg was admitted to the Minnesota Bar in 2017 and represented clients in business and contract disputes while employed at Droel, PLLC. Ms. Windberg worked with Droel, PLLC from 2019 through 2021. Ms. Windberg is no longer practicing law in the state of Minnesota.

35. Ariel Buczak was admitted to the Minnesota Bar in 2020 and represented clients in business and contract disputes while employed at Droel, PLLC. Ms. Buczak is admitted to the practice of law in the state of Minnesota and remains in good standing. Ms. Buczak worked with Droel, PLLC from 2020 through 2021.

36. Daniel Wilcox was admitted to the Minnesota Bar in 2020 and represented clients in business and contract disputes while employed at Droel, PLLC. Mr. Wilcox is admitted to the practice of law in the state of Minnesota and remains in good standing. Mr. Wilcox worked with Droel, PLLC from 2021 through 2023.

37. Minard Halverson was admitted to the Minnesota Bar in 1994 and represented clients in business and contract disputes while employed at Droel, PLLC. Mr. Halverson is admitted to the practice of law in the state of Minnesota and remains in good standing. Mr. Halverson worked with Droel, PLLC from 2022 through 2023.

38. Stephen Buterin was admitted to the Minnesota Bar in 1994 and represented clients in business and contract disputes while employed at Droel, PLLC. Mr. Buterin is admitted to the practice of law in the state of Minnesota and remains in good standing. Mr. Buterin worked with Droel, PLLC from 2021 through 2024.

39. Ryan Fargo was admitted to the Minnesota Bar in 2023 and represented clients in business and contract disputes while employed at Droel, PLLC. Mr. Fargo is admitted to the practice of law in the state of Minnesota and remains in good standing. Mr. Fargo worked with Droel, PLLC from 2023 through 2024.

40. Sydnee Anderson was admitted to the Minnesota Bar in 2023 and represented clients in business and contract disputes while employed at Droel, PLLC. Ms. Anderson is admitted to the practice of law in the state of Minnesota and remains in good standing. Ms. Anderson worked with Droel, PLLC from 2023 through 2024.

41. Brendan Tupa was admitted to the Minnesota Bar in 2004 and represented clients in business and contract disputes while employed at Droel, PLLC. Mr. Tupa worked with Droel, PLLC from 2021 through 2022.

42. Grace Jacobson was admitted to the Minnesota Bar in 2022 and represented clients in business and contract disputes while employed at Droel, PLLC. Ms. Jacobson is admitted to the practice of law in the state of Minnesota and remains in good standing. Ms. Jacobson worked with Droel, PLLC from 2023 through 2024.

43. Mariatu Kargbo was admitted to the Minnesota Bar in 2025 and has represented clients in business and contract disputes since that time. Ms. Kargbo is admitted to the practice of law in the states of Minnesota and Texas and remains in good standing with both jurisdictions. Ms. Kargbo worked with Droel, PLLC from 2024 through 2025.

44. Charise Schrupp is a paralegal with Droel, PLLC and holds a Juris Doctor degree from University of St. Thomas School of Law and has been a paralegal for nine years. Ms. Schrupp has worked with Droel, PLLC since 2024 and remains with the organization.

***Undesirability of the Case within the Legal Community***

45. Neither the case nor the client were undesirable.

***Nature and Length of Professional Relationship Between Attorney and Client***

46. Droel, PLLC has represented Mlazgar since 2020. The quantity and quality of legal work performed in this matter is reflective of this relationship and Droel, PLLC's reputation in the legal community.

***Attorney Fee Awards in Similar Cases***

47. Significant fee awards in complex business litigation cases are common in South Carolina, as evidenced by:

- *Super Duper Inc. v. Mattel, Inc.*, No. 6:05-1700-HFF-WMC, 2009 WL 866463, at * 1 (D. S.C. Mar. 31, 2009), *aff'd*, 382 F. App'x 308 (4th Cir. 2010) (awarding $2,643,844.15 in fees following a jury verdict of $400,000).

- *Palmetto Health Credit Union v. Open Sols. Inc.*, No. 3:08-cv-3848-CMC, 2011 WL 11702 * 9 (D. S.C. Jan 4. 2011)(awarding $857,341.20 in attorneys' fees and costs).

- *Maybank v. BB&T Corp.*, 787 S.E.2d 498, 509 (S.C. 2016)(awarding $2,899,306 in attorneys' fees and costs).

48. Based on previous awards, the amount requested by Mlazgar is comparable to and does not deviate from amounts awarded in South Carolina for similarly complex, prolonged litigation.

**CONCLUSION**

49. Mlazgar seeks a fee award based on the mandatory provision of the South Carolina Payment of Post-Termination Claims to Sales Representatives Act, S.C. Code § 39-65-30(2), upon

Mlazgar achieving an award of $739,424.00 in actual damages and $739,424.00 in punitive damages, for a total of $1,478,848.00.

50. Based on the successful result obtained under a claim with a mandatory fee shift provision, and the supporting materials confirming the reasonableness of the fee request, Declarant respectfully requests that the Court award attorneys' fees to Mlazgar in the amount of **THREE MILLION EIGHT HUNDRED FORTY-THREE THOUSAND EIGHT HUNDRED EIGHTEEN DOLLARS AND THIRTY-FOUR CENTS ($3,843,818.34).**

Under penalty of perjury, I swear or affirm that the above statements are true and correct.

Executed on September 14, 2026

**DROEL, PLLC**

Tim L. Droel

**ATTORNEY FOR PLAINTIFF**
**R. L. MLAZGAR ASSOCIATES, INC.**